## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| HERBERT S. LUSTIG, on behalf of himself and all others similarly situated, | ) ) ) | NO. |
| Plaintiffs, | ) ) | CLASS ACTION |
| v. | ) ) | JURY TRIAL DEMANDED |
| TRANS UNION, LLC | ) ) | |
| Defendant. | ) ) | |

## COMPLAINT

## PRELIMINARY STATEMENT

Plaintiff Herbert S. Lustig, on behalf of himself and all others similarly situated, files this Class Action Complaint against Trans Union, LLC ("Trans Union" or "Defendant"). Plaintiff alleges, based on personal knowledge as to Defendant's actions and upon information and belief as to all other matters, as follows:

## NATURE OF THE CASE

1.      This is a consumer class action under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* ("FCRA"), against Trans Union, a national consumer reporting agency. In violation of the FCRA, Trans Union prepares and furnishes consumer reports that include judgements that: (a) the FCRA prohibits Trans Union from reporting; and (b) that have been stricken, dismissed, or vacated.  In further violation of the FCRA, Defendant systematically misrepresents to consumers the source of public record information (such as civil judgments) that it places on their consumer reports.

## PARTIES

2.      Plaintiff Herbert S. Lustig is a "consumer" as protected and governed by the FCRA, and resides in Bala Cynwyd, Pennsylvania.

3.      Defendant Trans Union regularly conducts business in the Eastern District of Pennsylvania and has a principal place of business in Crum Lynne, Pennsylvania.

## JURISDICTION & VENUE

4.      The Court has federal question jurisdiction under the FCRA, 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Trans Union can be found in this District and regularly sells its products and services in this District.

## FACTUAL ALLEGATIONS

6.      Defendant is one of the "big three" credit reporting agencies (singular "CRA") in the United States.

7.      Defendant sells consumer reports (commonly called "credit reports") about millions of consumers annually.

8.      Defendant is regulated by the FCRA.

9.      Upon information and belief, for several years Defendant has obtained its information about bankruptcies, civil judgments and tax liens (*i.e.* "public records" information) from private businesses that it calls "vendors," which furnish such information to national CRAs.

10.     Trans Union has not retrieved actual public records from courthouses or actual government offices for many years.

11.     Nevertheless, on its credit reports that it provides to consumers, Trans Union falsely still lists the names and addresses of courthouses or other government offices as the true "source" of its public records information.

12.    The public records information that Trans Union receives from its vendors are not the actual court or taxing authority records. Rather, it receives a distilled version of those records, which does not include all the information or the most up-to-date information available at the actual courthouses or government offices where the true records are housed.

13.    Trans Union knows that both it and its public records vendors make mistakes in the distilled public records information that is acquired for purposes of credit reporting.

14.    Further, the FCRA unambiguously requires CRAs such as Trans Union to "clearly and accurately disclose to the consumer" who requests his or her credit file "the sources" that supplied any "information" to the CRA about that consumer. 15 U.S.C. § 1681g(a)(2).

15.    Disclosure of the true source of a CRA's information is vital so that certain credit reporting errors that originate at the source can be corrected, and so that consumers always know who is furnishing important credit information about them.

16.    Nevertheless, and despite the clear mandate of FCRA § 1681g(a)(2), Trans Union never discloses to consumers the true sources of the public records information that it collects and reports about them.

17.    Trans Union also routinely fails to report accurate information about Pennsylvania civil judgments, including the most up-to-date status.

18.    Defendant also routinely fails to remove Pennsylvania civil judgments from consumers' reports when those judgments have become nullities.

19.    With respect to Mr. Lustig, on or about August 17, 2010, a lawsuit was filed by David G. Butterworth against Daniel S. Berman for breach of contract, civil docket number 10-10032-CT.

20.     On or about August 5, 2011, an amended complaint was filed under civil docket number 10-10032-CT, adding Mr. Lustig as a defendant.

21.     On or about April 5, 2012, default judgment was entered against Mr. Lustig in civil docket number 10-10032-CT, in the amount of $209,012.00.

22.     On or about October 3, 2014, Mr. Lustig petitioned the court to strike open the default judgment.

23.     On or about January 6, 2015, Mr. Lustig motioned the court to make rule absolute and to grant the petition to strike the default judgment.

24.     On or about February 27, 2015, the court entered an order striking the default judgment which was originally entered on April 5, 2012.

25.     After February 27, 2015, therefore, there was no judgment against Mr. Lustig.

26.     On or about November 21, 2016, Mr. Lustig requested and received a copy of his personal credit report from Trans Union. The Trans Union credit report contained inaccurate information, including but not limited to, reporting that Mr. Lustig allegedly had an outstanding civil judgment lodged against him in the amount of $209,012.00.

27.     Trans Union represented that its sources for this public record was the "Chester Cnty Rec of Deed" located at "P O Box 2748" in "West Chester, PA."

28.     Trans Union did not obtain any civil judgment information about Mr. Lustig or about any consumer from the "Chester Cnty Record of Deed" in West Chester, Pennsylvania.

29.     Rather, Trans Union obtained this civil judgment information about Mr. Lustig from one of its private vendors.

30.    To this day, nowhere upon its consumer reports does Trans Union disclose the actual source of its public records information, and instead continues to misdirect consumers to courthouses and other government offices with which Trans Union has had no dealing in years.

31.    The civil judgment information Trans Union included on Mr. Lustig's report was woefully deficient and clearly not updated. This civil default judgment had been stricken almost two (2) years earlier. An Order striking the default judgment had been filed by the Court of Common Pleas in Chester County, Pennsylvania, on February 27, 2015.

32.    Despite this information in the public record, and pursuant to its usual and systematic practice, Trans Union did not update the civil judgment to report that it has been stricken or dismissed.  Nor did it remove it from Mr. Lustig's file.

33.    This failure to update the disposition of judgment is a well known problem in the credit reporting industry, and the subject of multiple class actions in several states.

34.    Mr. Lustig's November 21, 2016 Trans Union personal credit report reflected that Defendant had furnished Plaintiff's credit report to several of his existing and prospective creditors after February 27, 2015, including Bank of America, Merrick Bank and other third parties.

35.    The FCRA provides: "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

36.    At all times pertinent hereto, Trans Union's conduct was a result of its deliberate policies and practices, was willful, was intentionally accomplished through intended procedures, and was carried out in reckless disregard for a consumer's rights as set forth in §§ 1681e(b) and 1681g(a)(2) of the FCRA. Upon information and belief, Trans Union's collecting and reporting

the initial entry of civil judgments is believed to be of greater economic value than collecting and reporting information indicating that a civil judgment had been paid or dismissed.

37.    The reporting of the civil judgment by Trans Union was inaccurate and occurred because Trans Union failed to follow reasonable procedures to assure maximum possible accuracy in the preparation of Mr. Lustig's consumer report.

38.    Specifically, Trans Union does not follow the same automated and systematically rigorous processes to obtain all updates that it follows to obtain the original civil judgment information.

39.    Indeed, Trans Union follows no procedure that assures that every time a civil judgment in Pennsylvania is paid or dismissed that updated status is promptly obtained and reflected upon the consumer's credit report, or that the judgment is removed from that consumer's credit file.

40.    Instead, Trans Union continues to report the civil judgment balance that it originally received through its vendor, and in Plaintiff's case received and reported no updated information as to its status into 2016, nor did it remove the judgment from Plaintiff's file, despite the fact that the civil judgment was opened, stricken and dismissed in 2015.

41.    As a result of Defendant's inaccurate reporting, Plaintiff and other similarly situated consumers have their credit history misrepresented to their existing and prospective creditors.

42.    At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

## CLASS ACTION ALLEGATIONS

43.     Plaintiff realleges and incorporates by reference all preceding paragraphs as alleged above.

44.     Plaintiff brings this action pursuant to the Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of the following class:

> All natural persons who had a civil judgment appearing on a Trans Union consumer report within five years prior to the filing of this Complaint, which civil judgement had been stricken, dismissed or vacated according to publicly available Pennsylvania court record, on a date at least 30 days earlier than the Trans Union consumer report.

45.     Plaintiff reserves the right to amend the definition of the Class based on discovery or legal developments.

46.     **Numerosity. FED. R. CIV. P. 23(A)(1).** The Class members are so numerous that joinder of all is impractical. Upon information and belief Defendant sells hundreds if not thousands of consumer reports each year, and those persons' names and addresses are identifiable through documents maintained by Defendant.

47.     **Existence and Predominance of Common Questions of Law and Fact. FED. R. CIV. P. 23(a)(2).** Common questions of law and fact exist to as to all members of the Class and predominate over the questions affecting only individual members. The common legal and factual questions include, among others:

a.     Whether Defendant willfully violated the FCRA by reporting civil judgments as outstanding which had previously been stricken, dismissed or vacated; and

b.    Whether Defendant willfully violated the FCRA by failing to follow reasonable procedures to assure the maximum possible accuracy of the civil judgment it reported.

48.    **Typicality. FED. R. CIV. P. 23(a)(3).** Plaintiff's claims are typical of the claims of each Class member. Plaintiff has the same claims for statutory and punitive damages as Class members, arising out of Defendant's common course of conduct.

49.    **Adequacy. Fed. R. Civ. P. 23(a)(4).** Plaintiff is an adequate representative of the Class. His interests are aligned with and are not antagonistic to, the interests of the members of the Class he seeks to represent, he has retained counsel competent and experienced in such litigation, and he intends to prosecute this action vigorously. Plaintiff and his counsel will fairly and adequately protect the interests of members of the Class.

50.    **Predominance and Superiority. Fed. R. Civ. P. 23(b)(3).** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action

8

2e4d8cb26d

device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a unified proceeding.

## CAUSES OF ACTION
### COUNT I

51.  Plaintiff incorporates by reference those paragraphs set out above as though fully set forth herein.

52.  The above-mentioned reports are "consumer reports" within the meaning of 15 U.S.C. § 1681a(d).

53.  Pursuant to 15 U.S.C. §§ 1681n and o, Trans Union is liable to Plaintiff and all Class members for its failure to comply with FCRA § 1681e(b), in an amount equal to the sum of (1) damages of not less than $100 and not more than $1,000 per violation; (2) actual damages; (3) punitive damages in an amount to be determined by the jury; (4) attorney's fees; and (5) litigation costs, as well as such further relief as may be permitted by law.

### COUNT II

54.  Plaintiff realleges and incorporates by reference all preceding paragraphs as alleged above.

55.  Trans Union failed to comply with 15 U.S.C. § 1681g(a)(2) by failing to accurately and completely disclose the true source of its public records information about consumers in their consumer file disclosures.

56.  Pursuant to 15 U.S.C. §§ 1681n and o, Trans Union is liable to Plaintiff in an amount equal to the sum of (1) damages of not less than $100 and not more than $1,000 per violation; (2) actual damages; (3) punitive damages in an amount to be determined by the jury; (4) attorney's fees; and (5) litigation costs, as well as such further relief as may be permitted by law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the Class pray for relief as follows:

      a.      An order certifying the case as a class action on behalf of the proposed Class under Federal Rule of Civil Procedure 23 and appointing Plaintiff and the undersigned counsel of record to represent same;

      b.      An award of actual, statutory and punitive damages for Plaintiff and the Class;

      c.      An award of pre-judgment and post-judgment interest as provided by law;

      d.      An award of attorney's fees and costs; and

      e.      Such other relief as the Court deems just and proper.

**TRIAL BY JURY**

Plaintiff hereby requests a trial by jury on those causes of action where a trial by jury is allowed by law.

RESPECTFULLY SUBMITTED AND DATED this 16th day of March, 2017.

                              **FRANCIS & MAILMAN, P.C.**

By:      */s/ John Soumilas*
            James A. Francis
            E: jfrancis@consumerlawfirm.com
            John Soumilas
            E: jsoumilas@consumerlawfirm.com
            Land Title Building, Suite 1902
            100 South Broad Street,
            Philadelphia, PA 19110
            T: 215.735.8600
            F: 215.940.8000

            *Attorneys for Plaintiffs*

10